IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
DAYTON DIVISION

|                                |   |                        |
|--------------------------------|---|------------------------|
| ALLYSON SPEER,                 |   |                        |
|     Plaintiff, |   |                        |
|                                |   |                        |
| v.                             |   | CASE NO.: _____ |
|                                |   |                        |
| FELDMAN & STERN, LLC           |   |                        |
|     Defendant. |   |                        |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Allyson Speer ("Plaintiff"), by and through her undersigned counsel, brings this lawsuit against Feldman & Stern, LLC ("Feldman") and alleges as follows:

**NATURE OF ACTION**

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Consumer Sales Practices Act, R.C. § 1345.01, et seq., Ohio common law, and the Florida Consumer Collection Practices Act ("FFCPA"), Fla. Stat §559.55, *et seq.*, et seq.

2. Defendant is subject to the collection laws of the state of Ohio because it directed its conduct toward Plaintiff who was a resident of Ohio at all time relevant hereto.

3. Defendant is subject to the collection laws of the state of Florida because it was located in and operating from the state of Florida at all times relevant hereto.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 15 U.S.C.§ 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District and where Plaintiff resides in this State and this District.

## PARTIES

7. Plaintiff is a natural person, who at all relevant times resided in Darke County, Ohio.

8. Feldman is a Florida LLC with principal offices situated in Debary, Florida according to its registration with the Florida Secretary of State.

9. Feldman is not registered to do business in Ohio.

10. Feldman can be served in the state of Florida via its registered agent, Anthony Beshere, at 881 S. US Hwy 17-92 #107, Debary, FL 32713.

## FACTUAL ALLEGATIONS

11. Plaintiff is allegedly obligated on an old credit account (hereinafter referred to as "Account") allegedly incurred owing to a fitness gym, Anytime Fitness. The Account was for personal exercise. The alleged Account arose because of personal or family purposes, not for business or commercial purposes in any way.

12. The account originated with an entity other than Feldman and went into default prior to being sold or otherwise transferred to Feldman.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), O.R.C. § 1345.01(D) and Fla. Stat. §559.55(8).

14. Plaintiff is a "debtor" as defined by Fla. Stat. §559.55(8).

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. §559.55(6) and a "consumer transaction" as that term is defined by O.R.C §1345.01(A).

16. Feldman is licensed by the state of Florida as a consumer collection agency and assigned license number CCA9903468.

17. Feldman engaged in debt collection activity directed at Plaintiff as described below.

18. The principal purpose of Feldman is the collection of debts using the mails and telephone and other means.

19. Feldman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. §559.55(7) and is a "supplier" as that term is defined by O.R.C §1345.01(C).

20. In the one year prior to the filing of this case, Feldman and/or representative(s), employee(s) and/or agent(s) of Feldman made telephone calls to Plaintiff to collect the Account.

21. On information and belief, none of the principals or founders or owners of Feldman bear the name "Feldman" or "Stern."

22. On information and belief, Feldman used the name Feldman & Stern for the purpose of conveying to the listener and/or the reader that it was a law firm.

23. Feldman is not a law firm and does not employ any attorneys in the collection of debts.

24. In the one year prior to the filing of this lawsuit, Feldman called Plaintiff and directly threatened or implied that it had a process server actively looking for Plaintiff for the purpose of serving Plaintiff with a lawsuit.

25. In the one year prior to the filing of this lawsuit, Feldman also threatened to Plaintiff impliedly or directly that she would be sued by Feldman and that she would have to pay additional court costs and attorneys fees on top of the balance allegedly owed on the Account.

26. In the one year prior to the filing of this lawsuit, Feldman also sent email correspondence to Plaintiff that stated "You must contact my office immediately in order to stop the collection actions that are about to take place. No response is your worst response. Govern yourself accordingly. You may stop this action by contacting Mr. Mason at 800-769-7401."

27. The purpose of the language used by Feldman in the above-described verbal and written communications with Plaintiff was to cause Plaintiff to believe that she had been sued or imminently would be sued by Feldman to collect the Account and that the Account was being collected by a law firm or a lawyer.

28. On information and belief, Feldman has never sued a consumer in the state of Ohio to collect a defaulted consumer financial obligation.

29. The language used by Feldman in the above-described verbal and written communications with Plaintiff would cause the least sophisticated consumer to believe that she had been

sued or imminently would be sued by Feldman to collect the Account and that the Account was being collected by a law firm or a lawyer.

30. As of the filing of this Complaint, no lawsuit has been filed against Plaintiff on the Account.

31. Further, in multiple communications with Plaintiff in the one year prior to the filing of this Complaint, Feldman stated directly or impliedly that it had or would report negative information about the Account to one or more consumer reporting agency (TransUnion, Experian, Equifax, etc.) and cause her creditworthiness to suffer if she did not repay the Account.

32. However, on information and belief, Feldman never reported the Account to any consumer reporting agency. Thus, the threat to do so was false and deceptive.

33. In one or more communications with Plaintiff, Feldman failed to inform Plaintiff that it was a debt collector, and/or that Feldman was attempting to collect a debt and/or that any information obtained from Plaintiff would be used for the purpose of debt collection.

34. The purpose for the communication(s) with Plaintiff described above by Feldman was to attempt to collect the Account.

35. The telephone call(s) described above conveyed information regarding the account directly or indirectly to Plaintiff.

36. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

37. The only reason that Feldman and/or representative(s), employee(s) and/or agent(s) of Feldman made telephone call(s) to Plaintiff was to attempt to collect the Account.

38. The only reason that Feldman and/or representative(s), employee(s) and/or agent(s) of Feldman had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

39. The conduct of Feldman as described above was done knowingly and willfully and purposefully.

40. The collection practices of Feldman caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish, mild depression and/or distraction from normal life.

41. As a direct and proximate result of the aforesaid actions, Plaintiff suffered actual damages and seeks recovery pursuant to 15 U.S.C. § 1692k(a), O.R.C. § 1345.09 and Fla. Stat. 559.77(2).

## RESPONDEAT SUPERIOR

42. The representative(s) and/or collector(s) at Feldman were employee(s) and/or agent(s) of Feldman at all times mentioned herein.

43. The representative(s) and/or collector(s) at Feldman were acting within the course and/or scope of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at Feldman were under the direct supervision and/or control of Feldman at all times mentioned herein.

45. The actions of the representative(s) and/or collector(s) at Feldman are imputed to their employer, Feldman.

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.

46. The previous paragraphs are incorporated into this Count as if set forth in full.

47. The act(s) and omission(s) of Feldman and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2) & 15 U.S.C. §1692e(2)&(3)&(5)&(8)&(10)&(11).

48. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Feldman.

### COUNT II: VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT, OHIO REVISED CODE 1345.01, et seq.

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of Feldman and its representative(s), employee(s) and/or agent(s) violated O.R.C. §§ 1345.02 and/or 1345.03.

51. Pursuant to O.R.C. §1345.09, Plaintiff seeks actual damages, three times her actual economic damages or statutory damages of $200.00, whichever is greater, plus an amount not exceeding $5,000.00 in noneconomic damages and an injunction prohibiting future conduct by Feldman in the manner described in the paragraphs above, and reasonable attorney's fees and costs from Defendant.

### COUNT III: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

52. The previous paragraphs are incorporated into this Count as if set forth in full.

53. The act(s) and omission(s) of Feldman and its representative(s), employee(s) and/or agent(s) violated Fla Stat. § 559.72(8)&(10)&(12).

54. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks statutory damages, punitive damages, reasonable attorney's fees and costs from Defendant.

55. Pursuant to Fla. Stat. § 559.77(2), Plaintiff seeks an injunction against Defendant enjoining it from future violations of the Florida law as described herein.

## JURY TRIAL DEMAND

56. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

57. Judgment in favor of Plaintiff and against Feldman & Stern, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages, three times her actual economic damages or statutory damages of $200.00, whichever is greater, plus an amount not exceeding $5,000.00 in noneconomic damages and an injunction prohibiting future conduct by Feldman in the manner described in the paragraphs above, and reasonable attorney's fees and costs from Defendant. pursuant to O.R.C. § 1345.09;

e. An injunction prohibiting future conduct by Feldman in the manner described herein;

f. Actual and punitive damages pursuant to the common law of Ohio;

g. Actual damages pursuant to Fla. Stat. § 559.77(2);

h. Statutory damages in the amount of $1,000.00 pursuant to Fla. Stat. § 559.77(2);

i. Punitive damages pursuant to Fla. Stat. § 559.77(2);

j. An injunction permanently enjoining Feldman following trial of this cause from committing acts in violation of the Florida Statutes as cited herein pursuant to Fla. Stat. § 559.77(2);

k. Reasonable attorneys fees and costs pursuant to pursuant to Fla. Stat. § 559.77(2); and

l. Such other and further relief as the Court deems just and proper.


Dated: December 11, 2025

/s/ *Jonathan L. Hilton*

Jonathan L. Hilton, Esq.
Hilton Parker LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
(614) 992-2277
jhilton@hiltonparker.com
*Attorney for Plaintiff*